### SOUTHWELL *a.* MARRYATT.

*New York Common Pleas ; Special Term, January,* 1855.

VACATING JUDGMENT.—DEFECTIVE SERVICE OF SUMMONS.

Where it appears that a defendant has endeavored to avoid the service of the sum-
mons, the court, on a motion to vacate the judgment for non-service of the sum-
mons, will require the defendant to furnish *satisfactory evidence* that he was not
served.

Motion to set aside judgment.

After judgment had been entered and execution issued in
this case, the defendant asked leave of the plaintiff's attorney
to be let in to defend, alleging that he had never been served
with any copy of the summons and complaint, that he had a
good defence and also a counter-claim.

The plaintiff's attorney consented to receive an answer, pro-
vided the counter-claim was not a purchased demand, on the
defendant's giving security for the debt, and serving an answer
showing the dates, particulars, and all the circumstances of the
alleged counter-claim, and consenting to a reference.   The de-
fendant refused to accede to these conditions and now moved
to set aside the judgment upon a verified answer, an affidavit
of merits and affidavits showing that the defendant had never
been served with summons and complaint.

By the affidavit read in opposition to the motion, it appeared
that the plaintiff's attorney had found great difficulty in serv-
ing the summons and complaint on the defendant.   That after
making ineffectual attempts for some months to serve him,
he learned in October, 1854, that he was working in a printing
establishment in Frankfort-street.   He thereupon sent the
summons and complaint round by his clerk to be served.   The

clerk however did not know the defendant, but served the papers on a person whom he supposed to be the defendant. On returning to the office and describing to the attorney the person served, the attorney thought a mistake had been made, and went to the place in Frankfort-street with his clerk. He then found the defendant, but discovered that the papers were in possession of a man by the name of Blowers, who, however agreed to give them up. While the attorney was talking with Blowers, Marryatt, the defendant, started off. The attorney followed him, but Marryatt was the fleetest, and escaped from the attorney, and the attorney was unable to make the service at that time.

It also appeared that another clerk of the plaintiff's attorney had served the summons and complaint on some one answering the description which had been given him of the defendant, but who was not personally known to him.

*H. Brewster*, for plaintiff.

*Allen, Hall and Stocker*, for defendant.

INGRAHAM, F. J.—Although the proof of service of the summons on the defendant is not of that conclusive character that it ought to be, yet the conduct of the defendant as disclosed in these affidavits, is such as to justify the court on a motion to set aside the judgment, in requiring satisfactory proof that the affidavit of service was untrue. The defendant after he had knowledge of the erroneous service of the summons on his foreman, and when requested to wait till it could be procured from the foreman, who was then present, so that it could be served on him, not only immediately departed, but endeavored to avoid the service and to conceal himself from the plaintiff's attorney. I cannot resist the conclusion that throughout, there has been on the part of the defendant, a constant endeavor to avoid the service of process in this case; and I am not satisfied that it was not served on the defendant.

As the defendant has sworn to merits, and the service of summons is involved in doubt, the defendant is permitted to answer within five days upon serving with his answer a consent to refer the case to a referee. If the parties do not agree

on such referee, either party may on two days notice, apply to the court to name such referee. The judgment to remain as security, and the costs of the judgment and $10 costs of this motion to abide the event.

If defendant does not accede to these terms, the motion is denied, with $10 costs.